# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| BROOKS INSTRUMENT, LLC | ) |
| | ) Civil Action No.6:10-cv-221 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MKS INSTRUMENTS, INC. | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT FOR PATENT INFRINGEMENT (Albert Patents)

Plaintiff, Brooks Instrument, LLC ("Plaintiff or Brooks"), by and through its attorneys, brings this action against defendant, MKS Instruments, Inc. ("Defendant"), and alleges as follows:

### PARTIES

1.  Brooks is a Delaware limited liability company having its principal place of business at 407 W. Vine Street, Hatfield, PA 19440-3000.  Brooks maintains manufacturing facilities in Allen, TX.

2.  On information and belief, Defendant MKS is a Pennsylvania corporation having its principal place of business at 2 Tech Drive, Andover, Massachusetts 01810.  MKS may be served via its registered agent, CT Corporation System, 1635 Market Street, Philadelphia, PA 19103.

### JURISDICTION AND VENUE

3.  This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

4.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Upon information and belief, Defendant is subject to this Court's general and specific jurisdiction because: Defendant has minimum contacts within the State of Texas and within this District, including via its website, pursuant to due process and/or the Texas Long Arm statute; Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and within this District; Defendant regularly conducts and solicits business within the State of Texas and within this District; and Brooks' causes of action arise directly from Defendant's business contacts and other activities in the State of Texas and within this District.

6. More specifically, upon information and belief, Defendant, directly and/or through intermediaries, ships, distributes, offers for sale, sells and/or advertises (including via the provision of interactive web pages) its products and services in the State of Texas and within the Eastern District of Texas. Defendant has a sales office in Richardson, Texas. Upon information and belief, Defendant has committed patent infringement, induced patent infringement, and contributed to the infringement of Brooks' patents in the State of Texas and within this District. For example, Defendant solicits customers in the State of Texas and within this District. Upon information and belief, Defendant has paying customers in the Eastern District of Texas, including, but not limited to, Flextronics International, Texas Instruments Incorporated, and TriQuint Semiconductor, Inc., who each use Defendant's products and services in the State of Texas and within this District.

7. Defendant has committed acts within this District that give rise to this action and does business in this District, including offering infringing products for sale, selling infringing products, and providing service and support to its customers in this District. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400(b).

## GENERAL ALLEGATIONS

8. Brooks is the owner by assignment of United States Patent Nos. 6,910,381 (the "'381 Patent") entitled "System and Method of Operation of an Embedded System for a Digital Capacitance Diaphragm Gauge"; 7,010,983 (the "'983 patent"), entitled "Method for Digitally Controlling a Sensor System"; and 7,490,518 (the "'518 patent"), entitled "System and Method of Operation of an Embedded System for a Digital Capacitance Diaphragm Gauge" (collectively, "the Asserted Patents").

9. On June 28, 2005, the United States Patent and Trademark Office ("USPTO") duly and properly issued the '381 patent to inventors David M. Albert, Edwin K. Arrant, and Marvin B. Edwards. Brooks is the owner of the entire right, title and interest in the '381 patent. A true and correct copy of the '381 patent is attached as Exhibit A.

10. On March 14, 2006, the USPTO duly and properly issued the '983 patent to inventors David M. Albert, Edwin K. Arrant, and Marvin B. Edwards. Brooks is the owner of the entire right, title and interest in the '983 patent. A true and correct copy of the '983 patent is attached as Exhibit B.

11. On February 17, 2009, the USPTO duly and properly issued the '518 patent to inventors David M. Albert, Edwin K. Arrant, and Marvin B. Edwards. Brooks is the owner of the entire right, title and interest in the '518 patent. A true and correct copy of the '518 patent is attached as Exhibit C

## COUNT I: INFRINGEMENT OF THE '381 PATENT

12. Brooks incorporates and realleges the allegations of paragraphs 1 through 11 as if set fully forth herein.

13. Defendant has been and is infringing, inducing infringement and/or contributing to infringement of the '381 patent in this District, and throughout the United States, by making, selling, using, offering for sale, using, and/or importing infringing pressure measurement and control products covered by one or more claims of the '381 patent, including at least manometers, pressure management and control subsystems, and pressure transducers. Upon information and belief, Defendant has sold products especially designed to be used by its customers in such a way that infringes the '381 patent, which lack substantial noninfringing uses, and which customers have used to actually infringe the '381 patent. Upon information and belief, Defendant has also sold products to its customers, and, despite its knowledge of the '381 patent, has specifically intended that its customers infringe the '381 patent by providing at least marketing materials and instruction manuals detailing how to use its products in such a way that infringes the '381 patent, and Defendant's customers have utilized Defendant's products to actually infringe the '381 patent.

14. Defendant committed these acts of infringement without license or authorization.

15. Upon information and belief, to the extent any marking was required by 35 U.S.C. § 287, all predecessors in interest to the '381 patent complied with such requirements.

16. Defendant had actual notice of the '381 patent prior to this lawsuit, but has continued to willfully and deliberately infringe despite such notice.

17. As a result of Defendant's willful infringement of the '381 patent, Plaintiff has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

18. Defendant has suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendant, its agents, servants,

employees, representatives, and all others acting in active concert therewith from infringing the '381 patent.

## COUNT II: INFRINGEMENT OF THE '983 PATENT

19. Brooks incorporates and realleges the allegations of paragraphs 1 through 18 as if set fully forth herein.

20. Defendant has been and is infringing, inducing infringement and/or contributing to infringement of the '983 patent in this District, and throughout the United States, by making, selling, offering for sale, using, and/or importing infringing pressure measurement and control products covered by one or more claims of the '983 patent, including at least manometers, pressure management and control subsystems, and pressure transducers. Upon information and belief, Defendant has sold products especially designed to be used by its customers in such a way that infringes the '983 patent, which lack substantial noninfringing uses, and which customers have used to actually infringe the '983 patent.. Upon information and belief, Defendant has also sold products to its customers, and, despite its knowledge of the '983 patent, has specifically intended that its customers infringe the '983 patent by providing at least marketing materials and instruction manuals detailing how to use its products in such a way that infringes the '983 patent, and Defendant's customers have utilized Defendant's products to actually infringe the '983 patent.

21. Defendant committed these acts of infringement without license or authorization.

22. Upon information and belief, to the extent any marking was required by 35 U.S.C. § 287, all predecessors in interest to the '983 patent complied with such requirements.

23. Defendant had actual notice of the '983 patent prior to this lawsuit, but has continued to willfully and deliberately infringe despite such notice.

24. As a result of Defendant's willful infringement of the '983 patent, Plaintiff has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

25. Defendant has suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendant, its agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '983 patent.

## COUNT III: INFRINGEMENT OF THE '518 PATENT

26. Brooks incorporates and realleges the allegations of paragraphs 1 through 25 as if set fully forth herein.

27. Defendant has been and is infringing, inducing infringement and/or contributing to infringement of the '518 patent in this District, and throughout the United States, by making, selling, offering for sale, using, and/or importing infringing pressure measurement and control products covered by one or more claims of the '518 patent, including at least manometers, pressure management and control subsystems, and pressure transducers. Upon information and belief, Defendant has sold products especially designed to be used by its customers in such a way that infringes the '518 patent, which lack substantial noninfringing uses, and which customers have used to actually infringe the '518 patent. Upon information and belief, Defendant has also sold products to its customers, and, despite its knowledge of the '518 patent, has specifically intended that its customers infringe the '518 patent by providing at least marketing materials and instruction manuals detailing how to use its products in such a way that infringes the '518 patent, and Defendant's customers have utilized Defendant's products to actually infringe the '518 patent.

28.   Defendant committed these acts of infringement without license or authorization.

29.   Upon information and belief, to the extent any marking was required by 35 U.S.C. § 287, all predecessors in interest to the '518 patent complied with such requirements.

30.   Defendant had actual notice of the '518 patent prior to this lawsuit, but has continued to willfully and deliberately infringe despite such notice.

31.   As a result of Defendant's willful infringement of the '518 patent, Plaintiff has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

32.   Defendant has suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendant, its agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '518 patent.

## JURY DEMAND

33   Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to grant it the following relief:

(a)   A judgment in favor of the Plaintiff that Defendant has infringed, directly, and/or indirectly, by way of inducing and/or contributing to the infringement of claims of the '381 patent;

(b)   A judgment in favor of the Plaintiff that Defendant has infringed, directly, and/or indirectly, by way of inducing and/or contributing to the infringement of claims of the '983 patent;

(c)   A judgment in favor of the Plaintiff that Defendant has infringed, directly, and/or indirectly, by way of inducing and/or contributing to the infringement

- 8 -

of claims of the '518 patent;

(d) A judgment that such infringement was willful;

(e) A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement, inducing the infringement of, or contributing to the infringement of, each of the Asserted Patents;

(f) A judgment and order requiring Defendant to pay Brooks its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of each of the Asserted Patents;

(g) An award to Brooks for enhanced damages resulting from the knowing, deliberate and willful nature of Defendant's infringement;

(h) A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Brooks its reasonable attorneys' fees; and

(i) Any and all such other relief that this Court deems just and proper.

Dated: April 28, 2010

Respectfully submitted,

*/s/ Carl Roth*

Carl R. Roth
cr@rothfirm.com
Brendan C. Roth
br@rothfirm.com
Amanda A. Abraham
aa@rothfirm.com
THE ROTH LAW FIRM, P.C.
115 N. Wellington, Suite 200
Marshall, Texas 75670
Telephone:  (903) 935-1665
Facsimile:  (903) 935-1797

Mark C. Nelson  (Lead Attorney)
Texas State Bar No. 00793361
Matthew D. Orwig
Texas State Bar No. 15325300
Darren W. Collins
Texas State Bar No. 24001907
Sonnenschein Nath & Rosenthal LLP
2000 McKinney Ave, Suite 1900
Dallas, Texas   75201
Telephone: (214) 259-0901
Facsimile:   (214) 259-0910
Email: mcnelson@sonnenschein.com
Email: morwig@sonnenschein.com
Email: dcollins@sonnenschein.com

**ATTORNEYS FOR BROOKS INSTRUMENTS, LLC.**