**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| BROOKS INSTRUMENT, LLC, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6:10-cv-221-LED |
| ) | |
| v. ) | |
| ) | |
| MKS INSTRUMENTS, INC. ) | |
| ) | |
| Defendant. ) | |

**REPLY IN SUPPORT OF**
**MKS INSTRUMENTS, INC.'S MOTION TO DISMISS**

MKS Instruments, Inc. ("MKS") submits this reply to Brooks Instrument, LLC's ("Brooks") Response to Defendant's Motion to Dismiss (Dkt. 17) ("Response").

MKS's motion to dismiss does not— as Brooks suggests— seek infringement contentions earlier than required by the Local Rules. As Brooks should well be aware, the infringement contentions required by Local Rule 3-1 require much more than a specific identification of the accused products. They require an element-by-element showing of how Brooks' believes each accused product infringes each asserted claim, whether each element is met literally or by equivalents, the priority date to which each claim is entitled (if earlier than the application filing date), and documents sufficient to evidence these accusations. By its motion to dismiss, MKS contends only that Brooks was required to identify which "pressure measurement and control products" MKS is accused of infringing the patents-in-suit so as to provide fair notice of what products are accused of infringement and, for indirect infringement only, the direct infringers and the infringed claims.

**I.        The Parties' Alleged Familiarity With Each Others Products**

Brooks' Response contends that the parties are "direct competitors who are familiar with one another's products" as if this fact somehow makes Brooks' vague allegations more revealing to MKS. Response, p. 5.  Even if this contention were correct, MKS's familiarity with <u>Brooks' products</u> would shine no light whatsoever on which of <u>MKS's products</u> Brooks is accusing.

Rather, if Brooks' is familiar with MKS's products, then it has no excuse for failing to identify the accused products with greater particularity than "*pressure measurement and control products*."  Brooks should be readily able to identify the accused products by product name and model number.

**II.       MKS's Alleged Knowledge of Brooks' Infringement Allegations**

In its Response, Brooks' also contends that MKS "had knowledge of Plaintiff's patents and Plaintiff's allegations well before the lawsuit was filed." Response, p. 5.  MKS denies having knowledge of each of MKS "*pressure measurement and control products*" Brooks' believes infringe the patents-in-suit.  If Brooks had previously identified to MKS which specific products Brooks believed to be infringing the patents-in-suit, then it was clearly able to do so in the Complaint as well, but simply chose not to.  As a result, any alleged understanding that MKS may have had about which products Brooks believes to be infringing the patents-in-suit is gutted by Brooks broad allegations in its Complaint.

**III.      The Complaint Does Not Accuse "Pressure/Vacuum Measurement"**

The Complaint filed by Brooks broadly asserts infringement by MKS's "*pressure measurement and control products*" which include "***at least*** manometers, pressure management and control subsystems, and pressure transducers." Complaint, ¶¶ 13, 20, 27 (*emphasis added*).  Brooks spends much of its Response arguing that the accused "*pressure measurement and*

*control products*" really means the category of "Pressure/Vacuum Measurement" products identified on MKS's website (see Exhibit G-1 to Response). Response, pp. 4-5. First, the Complaint accuses "*pressure measurement and control products*," not "Pressure/Vacuum Measurement." Brooks could have accused "Pressure/Vacuum Measurement," but it chose the broader category of "*pressure measurement and control products*." Given this broader accusation, MKS had, and still has, no way of knowing whether MKS's "Pressure/Vacuum Control" products, "Vacuum Gauges" or other products listed on Exhibit G-2 are accused of infringing.

Second, after arguing that the correlation between the accused "*pressure measurement and control products*" and MKS's "Pressure/Vacuum Measurement" provides all the clarity needed, Brooks inserts a disclaimer in footnote 9 stating that products other than the "Pressure/Vacuum Measurement" of its Exhibit G-2 "may be implicated." Thus, Brooks' has undermined any clarity it attempted to belatedly inject with its Response.

Brooks also contends that the full scope of accused "*pressure measurement and control products*" is sufficiently specific, but does so with a wholly conclusory argument that the accused "*pressure measurement and control products*" are "equivalent to the 'electric motors' of Form 18" of the Federal Rules of Civil Procedure. Response, pp. 3-4. This conclusion is without foundation. The "electric motor" of Form 18 is a specific and concrete product. The accused "*pressure measurement and control products*," on the other hand, are a broad category of undefined products. MKS cannot know whether this includes "Pressure/Vacuum Measurement" products, "Pressure/Vacuum Control" products and/or "Vacuum Gauges."

**IV.    Indirect Infringement Allegations – Specific Claims**

Brooks contends that no support exists for requiring an identification of the claims alleged to be indirectly infringed. Yet, this Court acknowledged in *Realtime Data, LLC d/b/a IXO v. Morgan Stanley* that the allegedly infringed claims may need to be set forth in the Complaint where it stated that the Court must examine "the context of the complaint to determine whether specific claims must be identified as indirectly infringed." 2010 U.S. Dist. Lexis 58140 at *4. It is therefore within the Court's discretion to require Brooks to identify the allegedly infringed claims.

| | |
|---|---|
| Date: <u>August 9, 2010</u> | By: <u>/s/ J. Thad Heartfield</u><br>J. Thad Heartfield, Attorney In charge<br>Texas Bar No. 09346800<br>M. Dru Montgomery<br>Texas Bar No. 24010800<br>The Heartfield Law firm<br>2195 Dowlen Road<br>Beaumont, Texas 77706<br>Phone: 409.866.3318<br>Fax:    409.866.5789<br>E-mail: thad@jth-law.com<br>E-mail: dru@jth-law.com<br><br>**Attorneys for MKS Instruments, Inc.** |

**CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 9th day of August, 2010. Any other counsel of record will be served by first class mail.

<u>   /s/ J. Thad Heartfield                </u>
J. Thad Heartfield