IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BROOKS INSTRUMENT, LLC | ) | |
| | ) | Civil Action No. 6:10-cv-221-LED |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MKS INSTRUMENTS, INC. | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DISCOVERY ORDER**

After review of the pleaded claims and defenses in this action and in furtherance of the management of the Court's docket under Fed. R. Civ. P. 16, the Court enters the following Discovery Order:

1. **Disclosures.** By October 15, 2010, and without awaiting a discovery request, each party shall disclose to every other party the following information:

    A. the correct names of the parties to the lawsuit;
    B. the name, address, and telephone number of any potential parties;
    C. the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);
    D. the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by such person;
    E. any indemnity and insuring agreements under which any person or entity may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;
    F. any settlement agreements relevant to the subject matter of this action; and
    G. any statement of any party to the litigation.

2. **Additional Disclosures.** Each party shall provide to every other party the following information:

    A. the disclosures required by the Court's Patent Rules in accordance with the deadlines set forth in said rules and the Court's Docket Control Order;
    B. to the extent that any party pleads a claim for relief or defensive matter other than those addressed in the Patent Rules are due and without awaiting a discovery request, a copy of all documents, data compilations and tangible things in the

1

   possession, custody, or control of the party that are relevant to those additionally pleaded claims or defenses involved in this action.  The parties shall start the production of such documents and things no later than December 1, 2010, and agree that such production should be substantially completed by March 1, 2011.  By written agreement of all parties, alternative forms of disclosure may be provided in lieu of paper copies.  For example, the parties may agree to exchange images of documents electronically or by means of computer disk; or the parties may agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish paper copies of the disclosure materials; and

  C. On or before March 1, 2011, a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying (See Local Rule CV-34), the documents or other evidentiary materials on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and those documents and authorizations described in Local Rule CV-34.

3. **Testifying Experts.**  Each side is limited to four (4) testifying expert witnesses.  By the dates provided in the Docket Control Order, each party shall disclose to the other party or parties:

  A. the expert's name, address, and telephone number;
  B. the subject matter on which the expert will testify;
  C. a report as required by Federal Rule of Civil Procedure 26(a)(2)(B);
  D. if the expert is not retained by, employed by, or otherwise subject to the control of the disclosing party, documents reflecting the general substance of the expert's mental impressions and opinions;
  E. if the expert is retained by, employed by, or otherwise subject to the control of the disclosing party;
   (1) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and
   (2) the expert's current resume and bibliography.

4. **Discovery Limitations.**  Discovery is limited in this cause to the disclosures described in Paragraphs 1 - 3 together with:

  A. **Interrogatories:**  Maximum of thirty (30) interrogatories, including contention interrogatories, for each side.

  B. **Requests for Admission:**  Maximum of fifty (50) requests for admission for each side, not including requests for admission solely regarding authentication of documents for which there shall be no limit.

  C. **Document subpoenas for third parties**:  The parties may serve subpoenas for third parties to produce documents.  The parties will serve each other with copies of any third party subpoena on the same day the subpoena or notice is served on the third party.  The parties will serve each other with copies of any documents produced by third parties pursuant to subpoena within three (3) business days of

      receipt.  In no event shall a party serve such documents less than three (3) business days before any deposition of the third party from whom the documents were originally produced.

D. **Depositions:**  The parties agree that each may take up to 125 hours of deposition testimony (excluding expert depositions), but including third party depositions. Depositions taken pursuant to the Fed. R. Civ. P. 30(a)(1) are limited to seven (7) hours per witness.  Depositions taken pursuant to Fed. R. Civ. P. 30(b)(6) count toward the above-mentioned limit of 125 hours.  The parties agree that any time spent on cross-examination of a witness in a deposition noticed by the other side does not count towards the above time limits.  The parties agree to meet and confer in good faith as necessary as discovery progresses regarding possible modifications to the above deposition limitations.

E. **Expert Discovery**

    (1) Testifying experts' draft reports, notes, communications with counsel, outlines of draft reports, or any other writing leading up to an issued report in this litigation, shall not be subject to discovery in this case, nor shall any such drafts, notes, outlines of draft reports, or communications with counsel that the testifying expert prepared in other cases be subject to discovery in this case.

    (2) Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial or deposition testimony.  No discovery may be taken from any consulting expert who does not testify, except to the extent that the consulting expert has provided information, opinion or other materials to a testifying expert, who then relies upon such information, opinions or other materials in forming his or her final report, trial or deposition testimony, or any other opinion in this case.

    (3) No conversations or communications between counsel of record and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports, trial or deposition testimony in this case.

F. **Electronic Discovery and Production**

    (1) The Parties agree that they have or will institute a general "litigation hold" to preserve all relevant documents, including electronically stored information, and have discussed the issues raised in Fed. R. Civ. P. 26(f)(3) and Local Rule 16.6(A)(7).  The Parties agree that electronically stored information ("ESI") be governed by Rule 26(b)(2)(B).

    (2) The Parties agree that they shall preserve ESI on the Parties' active computer systems and backup computer systems.  The Parties shall be entitled to discovery of relevant, non-privileged ESI on the Parties' active computer systems.  The Parties agree to work in good faith to identify mutually acceptable names of witnesses ("Custodians") and search terms

      ("Search Terms") to conduct ESI discovery. The parties agree to finalize an agreed search term list by November 1, 2010 or, if no agreement is reached by that date, to submit their respective search term lists to the court along with a paper not longer than 5 pages arguing for their respective position. The Parties shall not be entitled to discovery of ESI on the Parties' backup computer systems except for to be agreed upon subjects ("Agreed Subjects") or for good cause shown. By default, any costs associated with retrieving and restoring requested ESI documents from backup computer systems except for Agreed Subjects shall be borne by the requesting party. Either party may request that the Court shift such costs entirely to the other party.

(3) The Parties agree that no metadata, audio, or video information will be produced without good cause and further subject to the producing party's claim of undue burden or cost, but the Parties shall maintain the metadata corresponding to the production so it may be produced if good cause is shown. The Parties agree that good cause to search and produce metadata exists when such metadata is reasonably likely to reveal the data, author, or recipient of specific key documents that the party identifies as material to a fact or issue in dispute, and such information is not reasonably available through other forms of discovery.

(4) The Parties are to produce documents electronically with document-level OCR in single-page TIFF format with a Concordance load file, or another mutually agreeable format.

(5) If, after reviewing production of ESI in the format specified above, a Receiving Party believes that it is necessary to review a certain document or documents in native format, the Parties agree to engage in discussion regarding production of discrete documents in native form. If native files are produced pursuant to any agreement of the Parties, a supplemental data load file shall be provided with the BEGDOC number and the corresponding DOCLINK field setting forth the location of the native file in the production folder.

(6) Each party may specify the form in which ESI is to be produced when that ESI is generated by or maintained in Microsoft Excel, Microsoft Access or other database software, except that no party need produce ESI in a form which is not reasonably accessible because of undue burden or cost. If the Producing Party objects to such form, the Parties shall undertake reasonable efforts, and if necessary, will meet and confer to resolve any disagreements as to production format prior to the time for production. Where a party produces Microsoft Excel, Microsoft Access or other database software files only in native format, the producing party shall produce a corresponding TIFF image stating "This File Was Produced In Native Format Only."

(7) Nothing contained herein alters the Parties' obligations to preserve potentially relevant ESI.

5. **Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged

documents or information after the Scheduling Conference. By the date provided in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. A party may move the Court for an order compelling the production of any privileged documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall file with the Court within thirty (30) days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for in camera inspection. If the parties have no disputes concerning privileged documents or information, then the parties shall file a notice so stating by the date provided in the Docket Control Order. The parties agree that, except as necessary to comply with P.R. 3-7, post-complaint privileged documents will not be discoverable and need not be put on a privilege log.

6. **Pre-trial Disclosures.** By the date provided in the Docket Control Order, each party shall provide to every other party the following disclosures regarding the evidence that the disclosing party intends to present at trial:

   A. The name and, if not previously provided, the address and telephone number, of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.

   B. The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.

   C. An appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

   By the date provided in the Docket Control Order, a party may serve and file a list disclosing (1) any objections to the use under Rule 32(a) of a deposition designated by another party under subparagraph "B." above; and (2) any objections, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph "C." above. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

7. **Signature.** The disclosures required by this order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.

8. **Exchange of Disclosures.** If feasible, counsel shall meet to exchange disclosures required by this order; otherwise, such disclosures shall be served as provided by Fed. R. Civ. P. 5.

9. **Notification of the Court.** The parties shall promptly file a notice with the Court that the disclosures required under this order have taken place.

10. **Duty to Supplement.** After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

11. **Requests for Production.** Because documents relevant to any claim or defense are to be produced pursuant to the Patent Rules and paragraphs one and two of this Order, requests for production are unnecessary. However, should a party believe that certain relevant documents have not been produced, that party may request said documents by letter. The Court will entertain a motion to compel documents without the necessity of a movant propounding formal requests for production.

12. **Discovery Disputes.** Counsel are directed to contact the chambers of the undersigned for any "hotline" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(f). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(f).

13. **Discovery Conferences.** <u>Within 72 hours of the Court setting any discovery motion for hearing, each party's lead trial counsel and local counsel shall meet and confer in person or by telephone in an effort to resolve the dispute without Court intervention. Counsel shall promptly notify the Court of the results of the meeting. Attendance by proxy is not permitted. Unless excused by the Court, lead counsel shall attend any discovery hearing set by the Court.</u>

14. **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue. Parties asserting the defense of qualified immunity may submit a motion to limit disclosure to those materials necessary to decide the issue of qualified immunity.

15. **Protective Orders.** The parties anticipate that the Court will enter an agreed protective order. In the event that the parties do not agree on the terms of a protective order before disclosures are due, the Court's standard protective order shall govern as modified by paragraphs 15(a) and (b) below. A copy of the Court's standard protective order is available on the Court's website at www.txed.uscourts.gov entitled "Judge Davis Standard Protective Order." A party may request that the Court issue the Protective Order. However, a party may move to modify the terms of the Protective Order for good cause. The Court authorizes the parties to file any document that is subject to the Protective Order under seal.

   A. Upon issuance of the Court's standard Protective Order, documents designated CONFIDENTIAL or HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE shall be treated as "Protected Documents" under the Court's standard Protective Order.

16. **Courtesy Paper Copies.** Paper copies will not be accepted by this Court unless specifically requested.

17. **Hearing Notebooks.** With the exception of providing notebooks to the appointed technical advisor, hearing notebooks are no longer required or requested. However, the Court may request hearing notebooks in specific instances.

18. **E-Filing, Service and Timing**: The parties agree to accept service by electronic mail of all documents not filed with the Court. The parties further agree that service and/or filing of all papers is deemed timely so long as such service or filing occurs prior to 11:59 p.m. CST of the due date set by the Docket Control Order.

**So ORDERED and SIGNED this 23rd day of September, 2010.**

14873663\V-2

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**