# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **BROOKS INSTRUMENT, LLC, and BI PRODUCTS, LLC,** <br><br> Plaintiffs, <br><br> v. <br><br> **MKS INSTRUMENTS, INC.,** <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 6:10-cv-221-LED <br><br> **JURY TRIAL DEMANDED** |

### DEFENDANT MKS INSTRUMENTS, INC.'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT (Albert Patents)

Defendant MKS Instruments, Inc. ("MKS") respectfully submits its First Amended Answer to and Affirmative Defenses to the First Amended Complaint for Patent Infringement (Albert Patents) ("Amended Complaint"), by Plaintiffs, Brooks Instrument, LLC, and BI Products, LLC (collectively, "Plaintiffs"). MKS is amending its affirmative defenses pursuant to a stipulation between the parties and states as follows:

### ANSWER

Except as hereinafter expressly admitted, qualified, or otherwise admitted, MKS specifically denies each and every allegation, statement, matter and thing contained in Plaintiffs' Amended Complaint. MKS responds to the numbered allegations in the Plaintiffs' Amended Complaint on personal knowledge or on information and belief as to other matters, as follows:

### PARTIES

1. MKS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of Plaintiffs' Amended Complaint, and, therefore, denies the same.

2. MKS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of Plaintiffs' Amended Complaint, and, therefore, denies the same.

3. MKS admits that is has a principal place of business at 2 Tech Drive, Andover, Massachusetts 01820. The remaining allegations in paragraph 3 of Plaintiffs' Amended Complaint are denied.

## JURISDICTION AND VENUE

4. MKS admits this is a case alleging patent infringement, but denies that these claims have any merit.

5. MKS admits that the Court has subject matter jurisdiction over claims arising under the Patent Act.

6. MKS admits that the Court has personal jurisdiction over MKS for the reasons alleged in paragraph 6 of Plaintiffs' Amended Complaint, but MKS denies that Plaintiffs' claims have any merit.

7. MKS admits Plaintiffs' allegations in the first, second and fourth sentences of Paragraph 7 of the Amended Complaint. MKS denies that it has infringed any valid claim of the asserted patents in any way including directly or indirectly. MKS admits that it has customers in the Eastern District of Texas and that Flextronics International, Texas Instruments Inc. and TriQuint Semiconductor, Inc. are MKS's customers. MKS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 of the Amended Complaint, and, therefore, denies the same.

8. MKS admits that it does business in the Eastern District of Texas, but denies that the acts alleged in paragraph 8 infringe any valid claim of the asserted patents. MKS admits that venue in this district is proper as it pertains to MKS, but MKS reserves the right to challenge

(and has challenged) whether this Court is the most convenient or most appropriate forum for this action.

## GENERAL ALLEGATIONS

9.     MKS admits that patents identified in paragraph 9 of Plaintiffs' Amended Complaint are titled as alleged.  MKS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 of Plaintiffs' Amended Complaint, and, therefore, denies the same.

10.     MKS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of Plaintiffs' Amended Complaint, and, therefore, denies the same.

11.     MKS admits that the face of the '381 patent indicates that the patent issued on June 28, 2005 and identifies David M. Albert, Edwin K. Arrant, and Marvin B. Edwards as the inventors.  MKS denies that the patents were duly and properly issued.  MKS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 of Plaintiffs' Amended Complaint, and, therefore, denies the same.

12.     MKS admits that the face of the '983 patent indicates that the patent issued on March 14, 2006, and identifies David M. Albert, Edwin K. Arrant, and Marvin B. Edwards as the inventors.  MKS denies that the patents were duly and properly issued.  MKS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 of Plaintiffs' Amended Complaint, and, therefore, denies the same.

13.     MKS admits that the face of the '518 patent indicates that the patent issued on February 17, 2009, and identifies David M. Albert, Edwin K. Arrant, and Marvin B. Edwards as the inventors.  MKS denies that the patents were duly and properly issued.  MKS lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 of Plaintiffs' Amended Complaint, and, therefore, denies the same.

14. MKS admits that the face of the '628 patent indicates that the patent issued on May 18, 2010, and identifies David M. Albert, Edwin K. Arrant, and Marvin B. Edwards as the inventors. MKS denies that the patents were duly and properly issued. MKS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 of Plaintiffs' Amended Complaint, and, therefore, denies the same.

### COUNT I: INFRINGEMENT OF THE '381 PATENT

15. Responses to paragraphs 1-24, *supra*, are restated and expressly incorporated herein.

16. MKS denies that it infringes, either directly or indirectly, any valid claim of the '381 patent including through the acts and products alleged in paragraph 16 of Plaintiffs' Amended Complaint.

17. MKS denies that it infringes, either directly or indirectly, any valid claim of the '381 patent including through the acts and products alleged in paragraph 16 of Plaintiffs' Amended Complaint and, on that basis, denies each of the allegations in paragraph 17.

18. MKS admits that it does not have a license to the '381 patent; MKS denies the remaining allegations of paragraph 18.

19. MKS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of Plaintiffs' Amended Complaint, and, therefore, denies the same.

20. MKS admits that it had notice of the '381 patent prior to this lawsuit; MKS denies the remaining allegations of paragraph 20.

21. Denied.

22. Denied.

## COUNT II: INFRINGEMENT OF THE '983 PATENT

23. Responses to paragraphs 1-22, *supra*, are restated and expressly incorporated herein.

24. MKS denies that it infringes, either directly or indirectly, any valid claim of the '983 patent including through the acts and products alleged in paragraph 23 of Plaintiffs' Amended Complaint.

25. MKS denies that it infringes, either directly or indirectly, any valid claim of the '983 patent including through the acts and products alleged in paragraph 24 of Plaintiffs' Amended Complaint and, on that basis, denies each of the allegations in paragraph 25.

21.* (misnumbered in Plaintiffs' amended complaint)[1] MKS admits that it does not have a license to the '983 patent; MKS denies the remaining allegations of paragraph 21.

22.* (misnumbered in Plaintiffs' amended complaint) MKS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of Plaintiffs' Amended Complaint, and, therefore, denies the same.

23.* (misnumbered in Plaintiffs' amended complaint) MKS admits that it had notice of the '983 patent prior to this lawsuit; MKS denies the remaining allegations of paragraph 23.

26. Denied.

27. Denied.

---

[1] The paragraph numbers in Plaintiffs' Amended Complaint are not contiguous from pages 6 to 7. The numbering has been duplicated in MKS's answer to track the paragraphs in Plaintiffs' Amended Complaint in the interest of convenience.

## COUNT III: INFRINGEMENT OF THE '518 PATENT

28.     Responses to paragraphs 1-27, *supra* (including duplicate-numbered paragraphs 21, 22, and 23), are restated and are expressly incorporated herein.

29.     MKS denies that it infringes, either directly or indirectly, any valid claim of the '518 patent including through the acts and products alleged in paragraph 29 of Plaintiffs' Amended Complaint.

30.     MKS denies that it infringes, either directly or indirectly, any valid claim of the '518 patent including through the acts and products alleged in paragraph 29 of Plaintiffs' Amended Complaint and, on that basis, denies each of the allegations in paragraph 30.

31.     MKS admits that it does not have a license to the '518 patent; MKS denies the remaining allegations of paragraph 31.

32.     MKS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of Plaintiffs' Amended Complaint, and, therefore, denies the same.

33.     MKS admits that it had notice of the '518 patent prior to this lawsuit; MKS denies the remaining allegations of paragraph 33.

34.     Denied.

35.     Denied.

## COUNT IV: INFRINGEMENT OF THE '628 PATENT

36.     Responses to paragraphs 1-35, *supra* (including duplicate-numbered paragraphs 21, 22, and 23) are restated and are expressly incorporated herein.

37. MKS denies that it infringes, either directly or indirectly, any valid claim of the '628 patent including through the acts and products alleged in paragraph 37 of Plaintiffs' Amended Complaint.

38. MKS denies that it infringes, either directly or indirectly, any valid claim of the '628 patent including through the acts and products alleged in paragraph 37 of Plaintiffs' Amended Complaint and, on that basis, denies each of the allegations in paragraph 38.

39. MKS admits that it does not have a license to the '628 patent; MKS denies the remaining allegations of paragraph 39.

40. MKS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of Plaintiffs' Amended Complaint, and, therefore, denies the same.

41. MKS admits that it had notice of the '628 patent prior to this lawsuit; MKS denies the remaining allegations of paragraph 41.

42. Denied.

43. Denied.

## JURY DEMAND

44. MKS also demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

MKS denies that Plaintiffs are entitled to any relief whatsoever against MKS in this action, either as prayed for in its Original Complaint, its First Amended Complaint, or otherwise.

## MKS' AFFIRMATIVE DEFENSES

### First Affirmative Defense (Failure to State a Claim/Non-Infringement)

45. Plaintiffs' are not entitled to any relief against MKS because MKS is not infringing, and has not infringed, directly, by inducement, contributorily, or in any way, either literally or under the doctrine of equivalents, any valid and asserted claim of U.S. Patent Nos. 6,910,381, ("'381 patent"), 7,010,983 ("'983 patent"), 7,490,518 ("'518 patent"), and/or 7,720,628 ("'628 patent") (collectively, "Asserted Patents").

### Second Affirmative Defense (Invalidity)

46. The asserted claims of the '381 patent, the '983 patent, the '518 patent, and the '628 patent are invalid under one or more sections of Title 35 of the U.S. Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Third Affirmative Defense (Estoppel)

47. Plaintiffs' claims are barred in whole or in part by the equitable doctrines of unclean hands and laches, including estoppel, prosecution history estoppel, disclaimer, and waiver.

### Fourth Affirmative Defense (Standing)

48. Upon information and belief, Plaintiffs lack standing to sue for infringement of the '381 patent, the '983 patent, the '518 patent, and the '628 patent.

### Fifth Affirmative Defense (Inequitable Conduct)

49. Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the U.S. Patent & Trademark Office (the "PTO"), which includes a duty to disclose to the Office all information known to that individual to be material to patentability.

50. Each of the Asserted Patents was either issued from, or claim priority to, U.S. Patent Application Serial No. 10/063,991 (the "'991 Application"), which was filed on May 31, 2002.

51. Based on the PTO assignment records, Mykrolis Corporation owned the '991 Application when it was filed and the law firm of Gray, Cary, Ware & Freidenrich LLP was the registered correspondent. Exhibit A at 1.

52. Upon information and belief, attorney Steven R. Sprinkle was a partner with Gray, Cary, Ware & Freidenrich LLP when he filed the '991 Application. Exhibit B.

53. The Declaration for Utility or Design Patent Application filed in the '991 Application identified Steven R. Sprinkle as the person to whom the PTO should direct all correspondence concerning the prosecution of the '991 Application. Exhibit C at 5.

54. Steven R. Sprinkle filed several documents in the '991 Application including: (1) Request to Rescind Previous Nonpublication Request on June 19, 2002; and (2) Request for Corrected Filing Receipt on August 15, 2002. Exhibit D.

55. On August 3, 2004, the Sprinkle IP Law Group filed a Revocation And Power Of Attorney And Change Of Mailing Address executed by Mykrolis Corporation appointing the Steven R. Sprinkle and two other attorneys of the Sprinkle IP Law Group as counsel of record to prosecute the '991 Application. Exhibit E.

56. On December 23, 2004, Steven R. Sprinkle filed a Petition To Withdraw Holding Of Abandonment Under 37 C.F.R. 1.181 in order to revive the '991 Application from abandonment. Exhibit F. The '991 Application later issued as the '381 patent.

57. The face of the '381 patent indicates that the '381 patent issued from the '991 Application on June 28, 2005 to Mykrolis Corporation, and that the '991 Application was prosecuted by the Sprinkle IP Law Group.

58. In a separate but related litigation involving the same parties as this case, Plaintiffs have asserted U.S. Patent No. 6,343,617 (the "'617 patent") entitled "System and Method of Operation of a Digital Mass Flow Controller" against MKS. *See* 6:10-cv-223-LED (E.D. Tex.)(Dkt. No. 28).

59. Based on the PTO Assignment records, Mykrolis Corporation became the owner of the '991 Application during its pendency on March 31, 2001. Exhibit A at 1.

60. The face of the '617 patent indicates that the patent issued on February 5, 2002 from U.S. Patent App. Ser. No. 09/350,744 (the "'744 Application") and also identifies Gray, Cary, Ware & Freidenrich LLP as the Firm responsible for prosecution of same.

61. Upon information and belief, Steven R. Sprinkle was substantively involved in the prosecution of the '744 Application.

62. For example, Steven R. Sprinkle filed the '744 Application on July 9, 1999. Exhibit G.

63. Additionally, on October 25, 2000, an attorney from Gray, Cary, Ware & Freidenrich LLP submitted to the PTO an Information Disclosure Statement ("IDS") including an October 10, 2000 International Search Report from a PCT Application No. PCT/US00/17062 (the "PCT '062 Application") corresponding to the '744 application. Exhibit H. The International Search Report submitted with the IDS was addressed to Gray, Cary, Ware & Freidenrich LLP to the attention of Steven R. Sprinkle. *Id*. at 4.

64. The PCT '062 Application published on January 18, 2001 as WO 01/04715 (the "WO '715 Published Application") and is prior art to the '991 Application. Exhibit I.

65. Among others, the International Search Report sent to the attention of Steven R. Sprinkle in the "PCT '062 Application cited U.S. Patent No. 5,062,446 to Richard L. Anderson (the "Anderson Patent") as a "document of particular relevance" to the patentability of claims in the PCT '062 Application, and, thus, the '744 application on which it was based. Exhibit H at 9.

66. In addition to having common prosecution counsel, including Steven R. Sprinkle, the '381 patent and the '617 patent have similar assignment histories with common owners over time, including: Mykrolis Corp., Entegris, Inc., Celerity, Inc. and Brooks Instrument, LLC. *Compare* Exhibit A *with* Exhibit J.

67. The '617 patent is prior art to the '991 Application and all of the patents claiming priority to the '991 Application, including the '381 patent.

68. The '617 patent was material to the patentability of at least claim 1 of the '381 patent and should have been submitted by Steven R. Sprinkle to the PTO for consideration in the prosecution of the '991 Application.

69. Claim 1, the sole independent claim of the '381 patent, reads:

> A digitally controlled sensor system comprising: [i] a sensor; [ii] an analog front end module coupled to the sensor and configured to produce an analog sensor signal; [iii] an analog-to-digital converter configured to convert the analog sensor signal to a digital sensor signal; and [iv] a digital controller configured to receive the digital sensor signal, process the signal and provide an output signal indicating a measured parameter corresponding to the sensor signal.

Dkt. 28, Exhibit A at column 11, lines 48-57.

70. The prior art '617 patent and the WO '715 Application each teach all the limitations in claim 1 of the '381 patent. Thus, the '617 patent and WO '715 Application are

11

material to the patentability of the '381 patent. The claim chart attached as Exhibit K is demonstrative of the materiality of the '617 patent to at least claim 1 of the '381 patent.

71.     Because the '617 patent and WO '715 Published Application teach each and every element of at least claim 1 of the '381 patent and by issuing the '381 patent the PTO considered the prior art of record in the '991 Application to not disclose or render obvious each and every element of claim 1 of the '381 patent, the '617 patent and WO '715 Published Application are necessarily not cumulative to the prior art of record in the '991 Application.

72.     Upon information and belief, the owners of and prosecutors of the '381 patent, including Steven R. Sprinkle, were aware of the invalidating effect of the '617 patent and the WO '715 Application on at least claim 1 of the '381 patent, but chose to withhold these documents from the PTO with an intent to deceive the Examiner so as to avoid the necessity to narrow claims in each of the patents, or avoid outright rejection of same.

73.     The failure of both the owners of and prosecutors of the '381 patent, and in particular Steven R. Sprinkle, to disclose the material and commonly-owned '617 patent and WO '715 Published Application to the PTO constitutes inequitable conduct that renders all of the claims of the '381 patent unenforceable. This inequitable conduct also renders all claims of the remaining Asserted Patents unenforceable.

74.     In addition, the owners of and prosecutors of the '381 patent, including Steven R. Sprinkle, were aware of the Anderson Patent that was cited on the face of the commonly-owned '617 patent and cited to Steven R. Sprinkle in the International Search Report of PCT Application No. US00/17062.

75.     The Anderson Patent teaches all the limitations in claim 1 of the '381 patent. Thus, the Anderson Patent is material to the patentability of the '381 patent. The claim chart

attached as Exhibit L is demonstrative of the materiality of the Anderson Patent to claim 1 of the '381 patent.

76. Because the Anderson Patent teaches each and every element of at least claim 1 of the '381 patent and by issuing the '381 patent the PTO considered the prior art of record in the '991 Application to not teach or render obvious each and every element of claim 1 of the '381 patent, the Anderson Patent is necessarily not cumulative to the prior art of record in the '991 Application.

77. Upon information and belief, the owners of and prosecutors of the '381 patent, including Steven R. Sprinkle, were aware of the invalidating effect of the Anderson Patent on at least claim 1 of the '381 patent, but chose to withhold the Anderson Patent from the PTO with an intent to deceive the Examiner so as to avoid the necessity to narrow claims in each of the patents, or avoid outright rejection of same.

78. The failure of both the owners of and prosecutors of the '381 patent, including Steven R. Sprinkle, to disclose the material Anderson Patent to PTO constitutes inequitable conduct that renders all of the claims of the '381 patent unenforceable. This inequitable conduct also renders all claims of the remaining Asserted Patents unenforceable.

## Sixth Affirmative Defense

79. To the extent that the alleged invention has been sold or offered for sale to, or manufactured or used by or for the United States, the claims for relief are barred by 28 U.S.C. § 1498.

## MKS' COUNTERCLAIMS AGAINST PLAINTIFFS

80. MKS is a Massachusetts corporation having its principal place of business at 2 Tech Drive, Andover, Massachusetts 01810.

81. Upon information and belief (and according to paragraph 1 of Plaintiffs' Amended Complaint), Brooks Instrument, LLC is a Delaware limited liability company having a principal place of business at 407 W. Vine Street, Hatfield, PA 19440-3000.

82. Upon information and belief (and according to paragraph 2 of Plaintiffs' Amended Complaint), BI Products, LLC is a Delaware limited liability company having a principal place of business at 407 W. Vine Street, Hatfield, PA 19440-3000.

83. This is a claim for declaratory judgment arising under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

84. Plaintiffs are subject to personal jurisdiction in this judicial district, at least because Plaintiffs have availed themselves of the benefit of the Court for the present action.

85. Venue for this counterclaim is proper in this judicial district pursuant to 28 U.S.C. §§1391 and 1400(b).

## **COUNT I**

### **(For Declaratory Judgment of Invalidity)**

86. MKS repeats and realleges the allegations of the preceding paragraphs in this counterclaim as if fully set forth herein.

87. Contrary to Plaintiffs' allegations, the claims of U.S. Patent Nos. 6,910,381, 7,010,983, 7,490,518 and 7,720,628 are invalid under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

88. To resolve the legal and factual questions raised by Plaintiffs, and to afford relief from the uncertainty and controversy that Plaintiffs' accusations have precipitated, MKS is

entitled to a declaratory judgment that the claims of U.S. Patent Nos. 6,910,381, 7,010,983, 7,490,518 and 7,720,628 are invalid.

## COUNT II

### (For Declaratory Judgment of Unenforceability)

89. MKS repeats and realleges the allegations of the preceding paragraphs in this counterclaim as if fully set forth herein.

90. Contrary to Plaintiffs' allegations, U.S. Patent Nos. 6,910,381, 7,010,983, 7,490,518 and 7,720,628 are unenforceable for reasons described in paragraphs 49-78, *supra*, which are expressly incorporated herein.

91. To resolve the legal and factual questions raised by Plaintiffs, and to afford relief from the uncertainty and controversy that Plaintiffs' accusations have precipitated, MKS is entitled to a declaratory judgment that U.S. Patent Nos. 6,910,381, 7,010,983, 7,490,518 and 7,720,628 are unenforceable.

## MKS'S PRAYER FOR RELIEF

MKS respectfully requests that this Court enter judgment in its favor and grant the following relief:

(a) A declaration that the claims of U.S. Patent No. 6,910,381 are invalid;

(b) A declaration that the claims of U.S. Patent No. 7,010,983 are invalid;

(c) A declaration that the claims of U.S. Patent No. 7,490,518 are invalid;

(d) A declaration that the claims of U.S. Patent No. 7,720,628 are invalid;

(e) A declaration that U.S. Patent No. 6,910,381 is unenforceable;

(f) A declaration that U.S. Patent No. 7,010,983 is unenforceable;

(g) A declaration that U.S. Patent No. 7,490,518 is unenforceable;

(h) A declaration that U.S. Patent No. 7,720,628 is unenforceable;

(i) Dismissal of all of Plaintiffs' claims in their entirety with prejudice;

(j) A declaration that Plaintiffs take nothing by way of their Amended Complaint;

(k) An order awarding MKS its costs;

(l) An order finding that this is an exceptional case and awarding MKS its reasonable attorney fees pursuant to 35 U.S.C. § 285; and

(m) An order awarding such additional relief as the Court may deem appropriate and just under the circumstances.

## MKS' DEMAND FOR JURY TRIAL

MKS hereby demands a trial by jury on all issues so triable.

*     *     *

Dated: <u>November 15, 2010</u>　　　　　　　　Respectfully submitted,

By: <u>/s/ *John C. Low*</u>
J. Thad Heartfield
Texas Bar No. 09346800
E-mail: thad@jth-law.com
M. Dru Montgomery
Texas Bar No. 24010800
E-mail: dru@jth-law.com
THE HEARTFIELD LAW FIRM
2195 Dowlen Road
Beaumont, Texas 77706
Tel: (409) 866-3318
Fax: (409) 866-5789

Sarah Chapin Columbia (*pro hac vice*)
E-mail: scolumbia@mwe.com
Matthew E. Leno (*pro hac vice*)
E-mail: mleno@mwe.com
Leigh J. Martinson (*pro hac vice*)
E-mail: lmartinson@mwe.com
MCDERMOTT WILL & EMERY LLP
28 State Street
Boston, Massachusetts 02109-1775
Tel: (617) 535-4000
Fax: (617) 535-3800

John C. Low
Texas Bar No. 24050960
E-mail: jlow@mwe.com
MCDERMOTT WILL & EMERY LLP
1000 Louisiana Street, Suite 3900
Houston, Texas 77002-5005
Tel: (713) 653-1700
Fax: (713) 739-7592

**COUNSEL FOR DEFENDANT, MKS INSTRUMENTS, INC.**

**CERTIFICATE OF SERVICE**

 The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 15th day of November, 2010. Any other counsel of record will be served by first class mail.

          /s/ *John C. Low*
          John C. Low