**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| BROOKS INSTRUMENT, LLC and | ) | |
| BI PRODUCTS, LLC, | ) | |
| | ) | Civil Action No. 6:10-cv-221-LED |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MKS INSTRUMENTS, INC. | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |
| | ) | |

**STIPULATED PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court hereby enters

the following Stipulated Protective Order ("Order"):

This Order is issued to facilitate the disclosure and production of documents and

information and other discovery under the Local Rules of this Court and the Federal Rules of

Civil Procedure.  Unless modified pursuant to the terms contained in this Order, this Order shall

remain in effect through and after the conclusion of this litigation.

In support of this Order, the parties represent that:

- Documents or information containing confidential or proprietary business

   information and/or trade secrets ("Confidential Information") related to the

   parties' claims or defenses are likely to be disclosed or produced during the

   course of discovery in this litigation by parties or third parties (collectively,

   "Party" or "Parties");

- Public dissemination or disclosure of such Confidential Information could injure

   or damage the Party disclosing or producing the Confidential Information

("Producing Party") and could place that Producing Party at a competitive

disadvantage; and

- To protect the respective interests of the Parties and to facilitate the progress of

   disclosure and discovery in this case,

IT IS THEREFORE ORDERED THAT:

## <u>INFORMATION SUBJECT TO THIS ORDER</u>

1.      Documents, physical objects, computer code (including source code), testimony

and discovery responses containing Confidential Information disclosed or produced in this

litigation are referred to as "Protected Documents."  Except as otherwise indicated below, all

Protected Documents designated by the Producing Party as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL - OUTSIDE COUNSEL ONLY" that are disclosed or produced to counsel for

the other Parties to this litigation (the "Receiving Party") are entitled to confidential treatment as

described below.  Documents and/or Confidential Information may also be designated

"RESTRICTED CONFIDENTIAL – SOURCE CODE," subject to the provisions stated herein.

Any extract, summary, compilation or other material derived in whole or in part from

Confidential Information shall itself be deemed to be Confidential Information with the same

confidentiality designation as the material it was derived from, and the dissemination or use

thereof shall be governed by this Order.

2.      The use of Protected Documents and/or Confidential Information obtained by any

Party pursuant to discovery in this litigation shall be limited to and used solely for the purposes

of this litigation.

3.      Any Protected Document containing Confidential Information should be

designated as such by marking it "CONFIDENTIAL," "HIGHLY CONFIDENTIAL -

OUTSIDE COUNSEL ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE" (as the case may be) prior to or at the time copies are furnished to the Receiving Party.

4.     All Confidential Information not reduced to documentary, tangible, or physical form, or which cannot be conveniently designated as set forth in Paragraph 3, above, shall be designated by the Producing Party by informing the Receiving Party of the designation in writing.

5.     To the extent that Protected Documents and/or Confidential Information are used in depositions or at hearings, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of testimony referring to the Protected Documents and/or Confidential Information.  Any deposition transcript, in whole or in part, may be designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE" by an appropriate statement at the time such testimony is given or thereafter by notifying the other Parties in writing within thirty (30) days from the date of the deposition of the portions to be so designated.  Upon such request, the reporter shall mark the original and all copies of the transcript with the appropriate confidentiality designation.  Unless the Parties otherwise agree, the entire transcript of all depositions shall be deemed designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" for thirty (30) days from the date of the deposition.  After such date, upon request from any Party, Counsel for the Party designating a transcript, recording, or portions thereof "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE" shall be responsible for notifying the court reporter and opposing counsel in writing of those portions of the transcript that contain Confidential Information.  Any portions so designated shall thereafter be treated in accordance with the terms of this Order.  Counsel for the Party whose Protected Documents and/or

Confidential Information is being discussed, used, or otherwise disclosed at a deposition or hearing may request that all persons other than the court reporter, videographer, the Court and its personnel, the witness, and others authorized to view the Protected Documents and/or Confidential Information leave the deposition or hearing.

6.     In the event a deposition disclosing or discussing Protected Documents and/or Confidential Information is video-recorded, the original and all copies of the media containing the video shall be marked by the video technician to indicate that the contents are subject to this Order, substantially as set forth below:

> This videotape contains confidential testimony subject to Protective Order in Civil Action No. 6:10-cv-221-LED (EDTX) and is not to be viewed or displayed except in accord with such Protective Order, by order of the Court, or pursuant to written stipulation of the parties to the litigation.

7.     Protected Documents and/or Confidential Information shall not include:

(a)     publicly-disseminated advertising or other publicly-disseminated marketing materials;

(b)     materials that on their face show that they have been published to the general public;

(c)     documents that have been submitted to any governmental entity without a request for confidential treatment or a reasonable expectation that the documents or information would remain confidential;

(d)     any information that the Receiving Party can demonstrate by written records it already knew prior to the disclosure, provided that it received the information either:

(i)     from the Producing Party under no obligation of confidentiality, or

(ii)     from a source who obtained the information lawfully and under no

obligation of confidentiality; or

(e)     any information that the Receiving Party can demonstrate by written

records it received after the disclosure from a source who obtained the

information lawfully and under no obligation of confidentiality.

8.     By way of non-limiting example, confidential research, development, commercial

or financial information the disclosure of which the Producing Party reasonably believes could

cause harm to its business operations or provide improper business or commercial advantage to

others may qualify for the "CONFIDENTIAL" designation.  By way of non-limiting example,

Protected Documents in one or more of the following categories may qualify for the "HIGHLY

CONFIDENTIAL - OUTSIDE COUNSEL ONLY" designation:  (i) trade secrets; (ii) non-public

technical information, including schematic diagrams, manufacturing and engineering drawings,

engineering notebooks, specifications, research notes and materials, technical reference

materials, and other non-public technical descriptions and/or depictions of the relevant

technology that are likely to cause competitive harm to a Party's business operations if disclosed;

(iii) non-public financial information (*e.g.*, the number of products sold, total dollar value of

sales products, and profit margins);  (iv) business and/or marketing plans; (v) non-public price

lists and/or pricing information; and (vi) information obtained from a third party pursuant to a

current Non-Disclosure Agreement or other confidentiality obligation ("NDA").  Nothing herein

shall prejudice or waive in any way the rights of Parties to object to the production of documents

they consider not subject to discovery for any reason or operate as a consent to any discovery.

9.     Any Protected Documents (including physical objects) made available for

inspection by counsel for the Receiving Party prior to producing copies of selected items shall

initially be considered, as a whole, to constitute HIGHLY CONFIDENTIAL - OUTSIDE

COUNSEL ONLY information and shall be subject to this Order unless the documents or

information are otherwise designated prior to or at the time of inspection.  Thereafter, the

Producing Party shall have a reasonable time to review and designate the appropriate documents

as CONFIDENTIAL, HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY or

RESTRICTED CONFIDENTIAL – SOURCE CODE prior to furnishing copies to the Receiving

Party.  At the initial (or any subsequent) inspection of the documents or things, the Receiving

Party shall not make copies of the documents produced.  Copies of documents and copies of

photographs and things requested by the Receiving Party shall be made, Bates labeled, and

delivered to the Receiving Party by the Producing Party.  Such process shall be performed as

promptly as reasonably practical and shall not await the production or inspection of other

documents or things.

## NO WAIVER

10.     Inadvertent or unintentional production of Protected Documents and/or

Confidential Information not designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL -

OUTSIDE COUNSEL ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE" shall

not be deemed a waiver, in whole or in part, of a claim for confidential treatment.  Upon request

by the Producing Party, the Receiving Party shall immediately destroy or return all copies of

inadvertently-produced document(s).  If the Receiving Party chooses to destroy all copies of the

inadvertently-produced document(s) it shall notify the Producing Party, in writing, of the date of

destruction.  The Producing Party may then reproduce or redesignate within five business days of

such a request the returned Protected Documents with any of the aforementioned confidentiality

designations.  The Receiving Party shall also make all reasonable efforts to retrieve any such

Protected Documents from anyone not authorized under this Order to view such Protected

Documents.  The receipt of documents or information that have been designated as containing

Confidential Information shall not operate as an admission by the Receiving Party that any particular documents or information contain trade secrets or any other type of confidential or proprietary information.  Nothing herein shall operate as an agreement by the Producing Party that the restrictions and procedures set forth in this Order constitute adequate protection for Protected Documents and/or Confidential Information.

11.     The designation (or lack thereof) of Protected Documents and/or Confidential Information as "CONFIDENTIAL,"  "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY," and/or "RESTRICTED CONFIDENTIAL – SOURCE CODE" shall not operate to prejudice or waive any claim or defense in this Action.

12.     Nothing herein shall prejudice or waive in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order.

## CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

13.     Nothing herein shall prejudice or waive in any way the rights of a Party to challenge the designation of any documents or things as Protected Documents.  Counsel for the Receiving Party may challenge the confidential designation of all or any portion thereof by providing written notice to counsel for the Producing Party particularly identifying the documents or information the Receiving Party contends should be differently designated.  If, after conferring, the Parties cannot reach agreement concerning the matter within five (5) business days after the delivery and receipt of the notice, then the Party requesting the de-designation of particular items may seek an Order of this Court directing that the designation be removed.  On any such motion, the burden of proof shall lie with the Producing Party to establish that the information is, in fact, properly designated.  No Party shall be obligated to challenge the propriety of any designation, and failure to do so shall not preclude a subsequent challenge.

Until a determination by the Court, the information in issue shall be treated as having been properly designated and subject to the terms of this Order.

### PERSONS AUTHORIZED TO RECEIVE CONFIDENTIAL INFORMATION

14.     Subject to the limitations set forth in this Order, Protected Documents and/or Confidential Information designated "CONFIDENTIAL" shall be disclosed only to the following persons (hereinafter identified as "Qualified Persons"):

        A.     Outside counsel of record in this action for the Party or Parties receiving Protected Documents and/or Confidential Information;

        B.     Partners and supporting personnel of such counsel, such as attorneys, paralegals, translators, secretaries, clerks and reporters, and excluding experts and investigators;

        C.     Outside vendors, including court reporters, videographers, jury consultants (including mock jurors), graphic artists, and/or copy vendors necessary to assist such counsel in the preparation and/or trial of this action, provided that counsel retaining such vendors shall be responsible for their compliance with this Order;

        D.     The Court and its personnel (under seal or with other suitable precautions as determined by the Court);

        E.     Experts, consultants and their support staff that are disclosed and qualified pursuant to the terms of paragraph 16 below;

Protected Documents and/or Confidential Information designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" shall be disclosed only to persons identified in paragraphs 14.A through 14.E, which shall hereinafter be identified as "Qualified Persons" for

Protected Documents and/or Confidential Information designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY".

Nothing herein precludes counsel for a Party from providing advice or opinions to his or her client regarding this litigation based on his or her evaluation of Protected Documents or Confidential Information – provided that such rendering of advice and opinions shall not reveal the content of Protected Documents and/or Confidential Information except by prior written agreement with counsel for the Producing Party.

## DISCLOSURE TO EXPERTS OR CONSULTANTS

15.     All Protected Documents or Confidential Information, including copies, may be furnished and disclosed to the Receiving Party's experts or consultants and their necessary support personnel as is reasonably necessary for maintaining, defending or evaluating this litigation.

16.     Before a Receiving Party may disclose any material designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY," and/or "RESTRICTED CONFIDENTIAL – SOURCE CODE" to a proposed expert or consultant, including their support staff or assistants:

> A.     Counsel for the Receiving Party shall provide a copy of this Order to such expert or consultant, who shall sign the Agreement attached hereto as Exhibit A; and

> B.     Counsel for the Receiving Party shall notify the Producing Party in writing of the intent to disclose "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY," and/or "RESTRICTED CONFIDENTIAL – SOURCE CODE" discovery material to such person.  The notice shall include a copy of the Agreement

signed by the proposed expert or consultant  and include a copy of the

individual's most recent curriculum vitae, which shall identify all of such

person's past and present employment and/or consulting relationships for

the last four years, a listing of cases in which the person has testified as an

expert at trial or by deposition within the preceding five years, an

identification of any patents or applications for patents in which the person

is identified as an inventor or applicant, which the person is involved in

the prosecution or maintenance thereof, or any patents or patent

application in which the person has any pecuniary interest, and any

previous or current relationship (personal or professional) with any of the

Parties (and/or their predecessors or successors-in-interest).  If the

Producing Party objects to the disclosure of "CONFIDENTIAL,"

"HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY," and/or

"RESTRICTED CONFIDENTIAL – SOURCE CODE" material to such

person, the Producing Party shall notify counsel for the Receiving Party in

writing of the objection within seven (7) business days of the disclosure of

the person to the Producing Party by the Receiving Party.  Any objection

must be made for good cause, stating with particularity the reasons for the

objection.  No disclosure of Protected Documents or Confidential

Information should be made to that individual until after the seven (7)

business days have passed without objection, or until the objection is

resolved.  Should the Receiving Party disagree with the basis for the

objection(s), the Parties must first attempt to resolve the objection(s)

informally.  If informal efforts do not resolve the dispute within five (5)

business days, the Producing Party may seek relief from the Court after that five (5) day period expires.

C.      The objecting party shall have the burden of showing to the Court "good cause" for preventing the disclosure of its Protected Documents or Confidential Information to the proposed expert or consultant.  This showing of "good cause" shall include a particularized showing that:  (1) the Protected Documents or Confidential Information is confidential commercial information, (2) disclosure of the Protected Documents or Confidential Information would result in a clearly defined and serious injury to the objecting party's business, (3) the proposed expert or consultant is in a position to allow the Protected Documents or Confidential Information to be disclosed to the objecting party's competitors, and/or (4) that access by the proposed expert or consultant to Protected Documents or Confidential Information may create other confidentiality or legal risks in connection with other patent-related activities or interests tied to the technical advisor.

D.      Pending a ruling by the Court upon any such objection(s), the Protected Documents or Confidential Information shall not be disclosed to the proposed expert or consultant.

## LIMITATIONS ON THE USE OF CONFIDENTIAL INFORMATION

17.      All Protected Documents and/or Confidential Information are entitled to confidential treatment pursuant to the terms of this Order until and unless the Parties otherwise agree in writing or as otherwise ordered by the Court.  Protected Documents and/or Confidential Information shall not be used, shown, disseminated, copied, or in any way communicated to

anyone for any purpose whatsoever, except as provided for in this Order.  As noted above, such Protected Documents and/or Confidential Information shall be used solely for purposes of this litigation and for no other purpose.

18.     This Protective Order has no effect upon, and shall not apply to, a Producing Party's use of its own "CONFIDENTIAL,"  "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY," and/or "RESTRICTED CONFIDENTIAL – SOURCE CODE" material for any purpose.

19.     Except as may be otherwise ordered by the Court, any person may be examined as a witness at deposition or trial and may testify concerning all Protected Documents and/or Confidential Information of which such person has prior knowledge.  Without in any way limiting the general application of the foregoing:

      A.     Any present director, officer, or employee of a Producing Party may be examined and may testify at deposition or trial concerning all Protected Documents and/or Confidential Information which has been produced by that Party.

      B.     Any former director, officer, agent and/or employee of a Producing Party may be interviewed, examined and may testify concerning all Protected Documents and/or Confidential Information of which he or she has personal knowledge, including any Protected Documents and/or Confidential Information that refers to matters of which the witness has personal knowledge, which has been produced by that party and which pertains to the period or periods of his or her employment.

      C.     Any other person may be examined and may testify at deposition or trial concerning any Protected Document and/or Confidential Information that

identifies that person on the face of the document as an author or recipient, or where it otherwise appears from other documents or testimony to have been received from or communicated to that person.  Such person may not retain originals or copies of such Protected Documents and/or Confidential Information, or any notes or transcripts reflecting such Protected Documents and/or Confidential Information, other than for the limited purpose of reviewing deposition transcripts to make necessary corrections.

D.     Any person other than the witness, his or her attorney(s), or any Qualified Person shall be excluded from the portion of the examination concerning such information, unless the Producing Party otherwise consents.  If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, that attorney shall provide a signed statement, in the form of Attachment A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of Protected Documents and/or Confidential Information disclosed during the course of the examination.

E.     All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court which have been designated as Protected Documents and/or Confidential Information, or which contain information so designated, shall be filed under seal in a manner prescribed by the Court for such filings.

F.     Outside attorneys of record for the parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without

further order of this Court, and are the persons to whom such confidential

exhibits or other confidential matters may be returned by the Clerk of the

Court, if they are not so retrieved.  No material or copies thereof so filed

shall be released except by order of the Court, to outside counsel of

record, or as otherwise provided for hereunder.  Notwithstanding the

foregoing and with regard to material designated as RESTRICTED

CONFIDENTIAL – SOURCE CODE, the provisions of Paragraphs 20.B

through 20.H are controlling to the extent those provisions differ from this

paragraph.

G.      Protected Documents and/or Confidential Information shall not be copied

or otherwise produced by a Receiving Party, except for transmission to

Qualified Persons, without the written permission of the Producing Party,

or, in the alternative, by further order of the Court.  Nothing herein shall,

however, restrict a Qualified Person from making working copies,

abstracts, digests and analyses of CONFIDENTIAL and HIGHLY

CONFIDENTIAL OUTSIDE COUNSEL ONLY information for use in

connection with this litigation and such working copies, abstracts, digests

and analyses shall be deemed Protected Documents and/or Confidential

Information under the terms of this Order.  Further, nothing herein shall

restrict a Qualified Person from converting or translating

CONFIDENTIAL and CONFIDENTIAL OUTSIDE COUNSEL ONLY

information into machine readable form for incorporation into a data

retrieval system used in connection with this action, provided that access

to that Protected Documents and/or Confidential Information, in whatever form stored or reproduced, shall be limited to Qualified Persons.

H.     At the request of any party, the original and all copies of any deposition transcript, in whole or in part, shall be marked "CONFIDENTIAL", "HIGHLY CONFIDENTIAL OUTSIDE COUNSEL ONLY" and/or "RESTRICTED CONFIDENTIAL – SOURCE CODE" by the reporter. This request may be made orally during the deposition or in writing within thirty (30) days of receipt of the final certified transcript.  Deposition transcripts shall be treated as HIGHLY CONFIDENTIAL OUTSIDE COUNSEL ONLY until the expiration of the time to make a confidentiality designation.  Any portions so designated shall thereafter be treated in accordance with the terms of this Order.

## LIMITATIONS ON USE OF SOURCE CODE

20.     All source code produced shall be deemed designated as "RESTRICTED CONFIDENTIAL – SOURCE CODE" (the "Source Code").  All such Source Code, and any other Protected Documents designated "RESTRICTED CONFIDENTIAL – SOURCE CODE," shall be further protected as follows:

A.     "RESTRICTED CONFIDENTIAL – SOURCE CODE" includes human-readable programming language text that defines software, firmware, or electronic hardware descriptions (hereinafter referred to as "Source Code").  Text files containing Source Code shall hereinafter be referred to as "Source Code files."  Source Code files further include object code, "include" files, "make" files, link files, documentation relating to any such source code or object code, and other human-readable text files used in the

15

generation and/or building of software directly executed on a microprocessor, microcontroller, or DSP.

B.   Absent separate agreement between the Producing and Receiving Parties, Source Code shall be produced in one of the following ways:

1)   A single native-format electronic copy of Source Code will be produced for inspection to the Receiving Party on a stand-alone computer that is password protected and provided by counsel for the Producing Party for use only in the above-captioned lawsuit. The stand alone computer shall permit an authorized user to view, search, and analyze the Source Code and print or otherwise duplicate as permitted by this Order.  Use of any removable media storage device (*e.g.*, USB memory stick, CDs, floppy disk, portable hard drive, etc.) is prohibited while accessing the computer containing the Source Code.  For purposes of this subsection, a stand-alone computer is a computer that is not (a) connected to any internal or external computer network and does not have the ability to connect to the Internet or World Wide Web and (b) is not used with removable or attachable storage media, such as memory sticks, writeable optical media, floppy disks, or portable disk drives.  The stand-alone computer shall be located only at the Receiving Party's outside counsel's office absent the express written consent of the Producing Party on a case-by-case basis.  Access to the stand-alone computer shall be permitted only to the individuals allowed under paragraph 20.E of this Order.

2)      The copy of Source Code produced according to paragraph 20.B.1 of this Order may be produced by transfer on a disk or other applicable electronic storage device in a manner that permits an authorized user to view, search, and analyze the Source Code and print or otherwise duplicate as permitted by this Order.

3)      The copy of Source Code produced according to paragraph 20.B.1 of this Order may be produced by transfer of an encrypted medium.  The Producing Party may elect the encryption technology and use appropriate commercially-available, licensed software tools for viewing and searching Source Code, which shall be made available by the Producing Party, including text editors and multi-file text search tools such as "grep."  Specific tools may include, but are not limited to:  Eclipse, Visual Slick Edit, Source-Navigator, PowerGrep, Understand, and ExamDiff Pro, or similar programs.  Should it be necessary, other mutually-agreed-upon tools may be used.  To the extent specific, non-commercially available tools are necessary to review the Source Code, the Producing Party agrees to make such tools available to the Receiving Party provided, however, that such tools are in the Producing Party's possession, custody, or control.

4)      The Receiving Party may duplicate the encrypted medium, but may not duplicate decrypted files or media.  Encrypted files from encrypted media may be transferred to computer(s) at the office of the Receiving Party's outside counsel of record and the location of

17

experts pre-approved and specifically identified under paragraphs 16 and 20.E, provided that the computer:

a)  shall, at all times, require password authentication before access to it or its services is allowed, and again after five (5) minutes of idle time;

b)  shall not be accessible via, or otherwise connected to, any external or public network (whether wired and wireless); and

c)  shall only be connected to an internal network that is physically isolated from direct or indirect access from public or other external sources, and only when produced Source Code exists on the computer exclusively in encrypted form.

5)  The Source Code may exist on the computer(s) only in its encrypted form, except for the particular periods when the computer is in active, actual use by those persons permitted by this Order to access the Source Code who are examining the Source Code for purposes of prosecuting this litigation, during which periods it may be decrypted, and able to be viewed, searched and analyzed and printed or otherwise duplicated as permitted by this Order.  After each such period, the decrypted Source Code shall be securely deleted in a manner which shall prevent the recovery of decrypted Source Code, or any portion thereof.  Information for decrypting the Source Code, or any portion thereof (for example a key, passphrase, or portion thereof) shall (i) not be stored on, with, or near either media containing the encrypted Source Code or any

computer to which the encrypted Source Code is transferred; (ii) not be persistently stored on any computer which has access to any public or external network unless separately encrypted and prevented from unauthorized decryption; (iii) at all times be kept strictly confidential and not disclosed except to persons who under this Order are permitted to access the Source Code; (iv) not be placed in transit with either media containing the encrypted Source Code or any computer to which the encrypted Source Code is transferred.

C.   Subject to the exception that nothing in this Order shall prevent any Receiving Party from printing any amount of Source Code in any form deemed by the Receiving Party as essential to proving its case, no person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated Source Code in decrypted form, except as follows:

1)   Excerpts of Source Code may be:

   a)   printed using printers attached to a computer containing the Source Code;

   b)   converted to an image-only format either directly from a computer containing the Source Code or from paper copies;

only for the purpose of facilitating the review thereof or for compiling (i) attachments to Expert Reports, (ii) deposition exhibits, or (iii) for submission to the court in or use in trial or at a hearing;

2) Any and all documents comprising any portion of Source Code shall be filed under seal and diligently protected from publication or other disclosure (including, without limitation, seeking to have such documents continue to be sealed after trial) by the Receiving Party to the greatest extent consistent with law.

3) Persons authorized to access Source Code for a Receiving Party under this Order may take notes relating to the Source Code, but such notes shall themselves thereafter be deemed "Source Code" for all purposes and provisions herein.

4) The parties shall endeavor to keep to a minimum the amount of Source Code that is so printed or converted and shall destroy any printed or converted excerpts that are determined not to be relevant to any claim or defense of any party;

5) Every such page must be affixed with the legend "RESTRICTED CONFIDENTIAL – SOURCE CODE" and shall be treated as such in accordance with the provisions of this Order.  At no point may the entire Source Code, or any substantial portions thereof, be printed, converted, or included in electronic documents such as legal memoranda, exhibits, reports, declarations, or other word processing or presentation documents; and

6) Excerpts of limited portions of the Source Code authorized by this Order, and the attachments, exhibits, or submissions containing them, or copies thereof, retained by the Receiving Party must be kept in a secured container or location at all times.

D.      Source Code is to be treated as "RESTRICTED CONFIDENTIAL —
        SOURCE CODE", and may not be disclosed to anyone not bound by this
        Order.  No employee of the Receiving Party shall have access to or obtain
        a copy of the Producing Party's Source Code.  A list of names of persons
        who have viewed the Source Code will be provided to the Producing Party
        in conjunction with any written (including email) notice requesting such
        information.

E.      Only the following individuals shall have access to "RESTRICTED
        CONFIDENTIAL – SOURCE CODE"  materials, absent the express
        written consent of the Producing Party or further order of this Court:

        1)      Outside counsel of record for the parties to this action, including
                any attorneys, paralegals, technology specialists and clerical
                employees of their respective law firms;

        2)      Up to three (3) independent expert witnesses or consultants
                retained by or for the Receiving Party or their counsel who have
                been pre-approved in accordance with paragraph 16 and
                specifically identified as eligible to access Source Code;

        3)      Professional litigation support vendors retained by or for the
                parties for document copying, document coding or computerization
                services, preparing audiovisual aids (*e.g.*, exhibits, models,
                graphics and video, and demonstrative exhibits for use in the
                courtroom), other trial support and/or trial consulting services, as
                well as their staff, stenographic, and clerical employees whose
                duties and responsibilities require access to such materials, who are

21

not current employees of any party to this litigation or of any direct

competitor of any party to this litigation, provided the vendor

acknowledges its obligation to keep the information so provided

confidential consistent with this order and use the information only

as part of performing professional litigation support services

requested in this action; and

4)     The Court, its technical advisor(s) (if appointed), court personnel,

the jury, court reporters and/or videographers engaged in

proceedings incident to this action.

F.     Persons authorized to access Source Code for a Receiving Party under this

Order shall protect Source Code with at least as much care as the

Receiving Party would give to its own confidential trade secrets and

Source Code, and in no case less than a reasonable degree of care.

G.     Within sixty (60) days after the issuance of a final, non-appealable

decision resolving all issues in this case, the Receiving Party must certify

that it has destroyed all paper copies of the Producing Party's Source Code

as well as documents, pleadings, reports, and notes reflecting or referring

to such Source Code.

H.     Access to and review of Source Code shall be strictly for the purpose of

investigating the claims and defenses at issue in this action and as

evidence in support of those claims and defenses.  No person shall review

or analyze any Source Code for purposes unrelated to this case, nor may

any person use any knowledge gained as a result of reviewing Source

Code in this case in any other pending or future dispute, proceeding,

patent prosecution, or litigation.

## PRIVILEGED MATERIALS

21.     Producing or permitting the inspection of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.  As soon as the Producing Party becomes aware of the inadvertent production, it shall promptly advise the other Parties.  The Producing Party shall also, within five (5) business days of being so advised, produce any replacement diskettes that contained the inadvertently produced documents and provide a privilege log for the inadvertently-produced materials.  Upon request by the Producing Party, the Receiving Party shall immediately destroy or return all copies of inadvertently-produced document(s) in its possession.  The Receiving Party shall also make all reasonable efforts to retrieve any such inadvertently-produced documents from anyone who received the documents prior to notification to the Receiving Party.  Nothing herein shall prevent the Receiving Party from challenging the propriety of an attorney-client privilege, work-product doctrine, or other applicable privilege or immunity designation by seeking relief from the Court.

22.     Nothing in this Protective Order shall require production of information that a Party contends is protected from disclosure by the attorney-client privilege, the work-product doctrine, or other privilege, doctrine, right, or immunity.  If information subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, right, or immunity is nevertheless inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, right, or immunity.  Any Party that inadvertently produces materials protected by the attorney-client privilege, work product doctrine, or other privilege, doctrine, right, or immunity may

obtain the return of those materials by notifying the recipient(s), as soon as reasonably possible after the Producing Party becomes aware of any inadvertent or unintentional disclosure.

## NONPARTY USE OF THIS PROTECTIVE ORDER

23.     This Order shall afford all nonparties who produce Protected Documents and/or Confidential Information voluntarily, or pursuant to a subpoena, court order, or discovery request the same protections afforded to the Parties to this action.  Specifically, nonparties may mark such documents "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE" and may also mark transcripts of deposition testimony with these designations.  The Parties to this action shall treat information designated in this manner per the terms of this Order and such information shall be entitled to the same protections under this Order as documents marked by Parties to the litigation.

24.     A nonparty's use of this Protective Order to protect its Protected Documents and/or Confidential Information does not entitle that nonparty access to the Protected Documents and/or Confidential Information produced by any Party.

## PROSECUTION BAR

25.     No individual who, on behalf of Receiving Party, actually reviewed or is provided (verbally or otherwise) information designated as "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" or "RESTRICTED CONFIDENTIAL - SOURCE CODE" produced by the Producing Party may prosecute or assist in the prosecution of any new or currently pending patent applications involving the technology disclosed in the patents which are the subject matter of this litigation on behalf of any party/applicant until eighteen (18) months after the date of last disclosure of the Confidential Information to such individual.  The phrase "prosecute or assist in the prosecution of any patent application" includes any participation in the drafting, prosecution,

reexamination, or reissue of any such patent application.  More specifically, the phrase includes

offering guidance regarding, or participation in any way in, the decision of what subject matter to

include in any specification of any patent application (which includes reexaminations and

reissues), including, without limitation, the claims thereof, or the decision to file an application,

continuation, divisional, reexamination or reissue.  The phrase " prosecute or assist in the

prosecution of any patent application" shall not include mere reporting of office actions, filing of

ancillary paperwork, coordinating and supervising client meetings and attorney staffing, or

general management of client projects of the client relationship, even if such activity arises in

connection with a patent application.  Other than the prosecution bar of this paragraph

(Prosecution Bar), the terms of this Protective Order continue unaffected by the expiration of the

eighteen (18) month limitation on the prosecution bar identified above.  In particular, at no time

is any individual permitted to incorporate information from a Producing Party into a patent

application or the reexamination or reissue of a patent.

## MISCELLANEOUS PROVISIONS

26.     The term "copy" as used herein means any photographic, mechanical, or

computerized copy or reproduction of any document or thing, or any verbatim transcript, in

whole or in part, of such document or thing.

27.     All transcripts of depositions, exhibits, answers to interrogatories, pleadings,

briefs, and other documents submitted to the Court designated as "CONFIDENTIAL,"

"HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "RESTRICTED

CONFIDENTIAL – SOURCE CODE" or which contain information so designated shall be filed

or lodged under seal.

28.     Nothing herein shall alter or change in any way the discovery provisions of the

Federal Rules of Civil Procedure.  Identification of any individual pursuant to this Order does not

make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure or the Local Rules of Civil Practice and Procedure of the United States District Court for the Eastern District of Texas.

29.     Within sixty (60) days of the final, non-appealable termination of this action by dismissal, judgment, or settlement, counsel for the Parties receiving Protected Documents shall destroy or return the Protected Documents to counsel for the Producing Parties.  If material is destroyed, a certificate of destruction signed by counsel shall be provided to the Producing Party within ten (10) calendar days of the destruction of the material.  Notwithstanding the foregoing, Parties receiving Protected Documents and/or Confidential Information may keep their attorney work product referring or relating to any Protected Documents and/or Confidential Information. Each law firm serving as counsel of record may retain one archival paper and electronic copy of all pleadings, motion papers, deposition transcripts and exhibits, expert reports, transcripts of proceedings (including exhibits), any documents or materials filed or used in court, exhibits offered or introduced into evidence at trial, legal memoranda, correspondence, and work product, even if such material includes Protected Documents and/or Confidential Information.

30.     This Order shall be binding upon the Parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

31.     Any of the notice requirements herein may be waived, in whole or in part, but only on the record during a deposition or in a writing signed by an outside counsel of record for the Party against whom such waiver will be effective.  For purposes of this provision an e-mail will constitute a writing signed by the sender.

32.     Inadvertent or unintentional production of documents or things containing Protected Documents and/or Confidential Information which are not designated as one or more of the three categories of Protected Documents and/or Confidential Information at the time of production shall not be deemed a waiver in whole or in part of a claim for confidential treatment. With respect to documents, the Producing Party shall immediately notify the other parties of the error in writing and provide replacement pages bearing the appropriate confidentiality legend.

33.     If a Receiving Party learns that, inadvertently or otherwise, it has disclosed Protected Documents and/or Confidential Information to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify the Producing Party in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Documents and/or Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such person or persons execute the "Acknowledgment To Be Bound" attached hereto as Exhibit A.

34.     If at any time documents containing Protected Documents and/or Confidential Information are subpoenaed or otherwise requested through litigation or an arbitral, administrative, or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to each Party who has produced such documents and to its counsel, and shall provide each such Party with an opportunity to object to the production of such documents or information.  If a Producing Party does not take steps to prevent disclosure of such documents or information within twenty (20) business days of the date written notice is provided, the Party to whom the referenced subpoena is directed may produce such documents and/or information.

35.     No party shall be required to identify on their respective privilege log any document or communication dated on or after the filing of the lawsuit, which absent this provision, the party would have been obligated to so identify on said privilege log.

36.     The United States District Court for the Eastern District of Texas has authority to interpret and enforce this Order.  After termination of this litigation, the provisions of this Order shall remain binding except with respect to those documents and information that become a matter of public record.  This Court retains and shall have continuing jurisdiction over the Parties and recipients of Protected Documents and/or Confidential Information for enforcement of the provisions of this Order following termination of this litigation.  All disputes concerning Protected Documents and/or Confidential Information produced under the protection of this Order shall be resolved by the United States District Court for the Eastern District of Texas.

37.     This Order shall become effective immediately upon submission to the Court for approval, notwithstanding the pendency of approval by the Court.  If approval by the Court is ultimately withheld or made conditional, no Party shall treat any designated Protected Documents and/or Confidential Information produced prior to that time other than as provided in this Order without giving the Producing Party advance notice so as to allow for application to the Court for additional relief.

38.     This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires.   Furthermore, without application to this Court, any party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise (absent such agreement) violate the terms herein.

## DISCOVERY FROM EXPERTS

39.     Testifying experts' draft reports, notes, communications with counsel, outlines of draft reports, or any other writing leading up to an issued report in this litigation, shall not be subject to discovery in this case, nor shall any such drafts, notes, or outlines of draft reports that the testifying expert prepared in other cases be subject to discovery in this case.

40.     Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial or deposition testimony.  No discovery may be taken from any consulting expert who does not testify, except to the extent that the consulting expert has provided information, opinion or other materials to a testifying expert, who then relies upon such information, opinions or other materials in forming his or her final report, trial or deposition testimony, or any other opinion in this case.

41.     No conversations or communications between counsel of record and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports, trial or deposition testimony in this case.

**So ORDERED and SIGNED this 17th day of February, 2011.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**

We hereby stipulate to the entry of the foregoing Stipulated Protective Order.

  /s/  Carl R. Roth                              /s/  Matthew E. Leno

Carl R. Roth                              J. Thad Heartfield
cr@rothfirm.com                           M. Dru Montgomery
Brendan C. Roth                           The Heartfield Law Firm
br@rothfirm.com                           2195 Dowlen Road
Amanda A. Abraham                         Beaumont, TX  77706
aa@rothfirm.com                           thad@jth-law.com
THE ROTH LAW FIRM, P.C.                   dru@jth-law.com
115 N. Wellington, Ste. 200
Marshall, Texas 75670
Telephone:  (903) 935-1665                Sarah Chapin Columbia
Facsimile:  (903) 935-1797                Matthew E. Leno
                                          Leigh J. Martinson
                                          McDermott, Will & Emery LLP
Mark C. Nelson (Lead Attorney)            28 State Street
Texas State Bar No. 00793361              Boston, MA  02109
Matthew D. Orwig                          scolumbia@mwe.com
Texas State Bar No. 15325300              mleno@mwe.com
Darren W. Collins                         lmartinson@mwe.com
Texas State Bar No. 24001907
SNR DENTON US LLP                         **ATTORNEYS FOR MKS INSTRUMENTS,**
2000 McKinney Ave, Suite 1900             **INC.**
Dallas, Texas   75201
Telephone:  (214) 259-0901
Facsimile:    (214) 259-0910
     Email: mcnelson@snrdenton.com
     Email: morwig@snrdenton.com
     Email: dcollins@snrdenton.com

**ATTORNEYS FOR BROOKS**
**INSTRUMENTS, LLC.**

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| BROOKS INSTRUMENT, LLC and | ) | |
| BI PRODUCTS, LLC, | ) | |
| | ) | Civil Action No. 6:10-cv-221-LED |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MKS INSTRUMENTS, INC. | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |
| | ) | |

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, hereby acknowledge that, as an expert or consultant under paragraphs 14E, 15, 16, and if designated to review source code, paragraph 20, or as another nonparty of the Protective Order ordered by the Court in this case, I am may receive Protected Documents and/or Confidential Information as defined in the Protective Order.

I certify my understanding that the Protected Documents and/or Confidential Information are being provided to me pursuant to the terms and restrictions of the Protective Order, and that I have been given a copy of and have read and understood my obligations under the Protective Order. I hereby agree to be bound by the terms of the Protective Order. I clearly understand that the Protected Documents and/or Confidential Information and my copies or notes relating thereto may only be disclosed to or discussed with those persons permitted by the Protective Order to receive such material.

I will return all materials containing Protected Documents and/or Confidential Information, copies thereof, and notes that I have prepared relating thereto, upon request to outside counsel for the party to the litigation by whom or on whose behalf I am retained.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order and waive any and all objections to jurisdiction and venue.

I make the above statements under penalty of perjury.

_____

Printed Name:_____

Company Name/Address/Phone:

_____

_____

_____

_____

14871184\V-4